UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RAYMOND SMITH,

               Plaintiff,                       Case No. 1:08-cv-693

v.                                                Honorable Robert Holmes Bell

JENNIFER GRANHOLM et al.,

               Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Granholm, Caruso, Palmer, Kipp, Macauley, Robinson, Sutherland and Floyd. The Court will serve the complaint against Defendants Stewart, Milu and Stoley.

**Discussion**

    I.       Factual allegations

Plaintiff is incarcerated in the Michigan Reformatory (RMI), but the allegations set forth in the complaint also concern events that occurred at the Riverside Correctional Facility (RCF). In his *pro se* complaint, he sues Governor Jennifer Granholm, Michigan Department of Corrections (MDOC) Director Patricia Caruso, Corrections Officer Dan Milu, Warden Carmen Palmer, Deputy Warden Timothy Kipp, Assistant Deputy Warden (ADW) Anthony Stewart, ADW Matt Macauley, Chaplain John Stoley, Grievance Coordinator Marshaun Robinson, Resident Unit Manager Robert Sutherland and Captain M. Floyd.

Plaintiff practices the Wicca religion. He claims that Defendants are depriving him of religious items and access to religious services that are essential to the practice of his religion. On November 5, 2007, Plaintiff reported to the property room at RCF to have his personal property itemized and packed for transfer to RMI. Apparently, RCF was being closed and those prisoners remaining at RCF, a Level II facility, were transferred to RMI, a Level IV facility.[1] Among his property, Plaintiff had a drawstring velour bag containing religious items used for divination. The items included a small wooden bowl, a bottle of black shoe polish anointed with essential ritual oils, vials of ritual oils and assorted pieces of incense. Defendant Milu told Plaintiff that all of the items were contraband. Plaintiff explained that the items were needed to practice his religion and demanded a hearing. Officer Milu did not include the items in the property being transferred to RMI

---

[1] In the MDOC, the categories of security classification are Levels I through V and segregation. Level I is the least secure and segregation is the most secure. MICH. DEP'T OF CORR., Policy Directive 05.01.130, ¶ B (effective Dec. 31, 2007).

and did not did not prepare a notice of intent to conduct an administrative hearing regarding the alleged contraband. As a result, Plaintiff never received a hearing regarding the seized property.

After his transfer to RMI on November 6, 2007, Plaintiff spoke with Defendants Stewart and Stoley about his missing religious property and access to religious services. Defendant Stoley responded that prisoners practicing Wicca were permitted to possess only one deck of tarot cards (3 1/2" x 4 1/4") and one Celtic cross or Pentacle (no larger than 1 1/2 x 2 with a chain no longer then 24." *See* MICH. DEP'T. OF CORR., Policy Directive 05.03.150A (eff. Sept. 20, 2007). Stoley also informed Plaintiff that group services were offered only on the eight annual Sabbats, but only if five prisoners requested to attend. Plaintiff requested to be scheduled for the next Sabbat on December 21, 2007, but was not called out for the service because there were not enough prisoners who requested to attend. Plaintiff informed Defendant Stoley that the Tarot Cards and Celtic cross or Pentacle were inadequate for his religious practice. He provided Stoley with a "Relief Sheet" listing the religious property that he needed to practice his religion. Plaintiff requested to purchase various items, including a divinatory tool/crystal ball, a ceremonial knife, incense, candles and tea. He asked RMI to provide him with a desk and chair or stool to be used for performing divination, and a coffee pot or hot pot to be used to heat water for purification and to make tea. Due to the increased security level and restrictions at RMI, Plaintiff also requested a special accommodation to cover the open front of his cell, except for a narrow slot for viewing, so that he could perform a ritual "Sky-Clad," i.e., naked.[2] In addition, he requested a special accommodation to possess a coffee pot. Defendant Stoley referred Plaintiff's requests to Defendant Stewart, who denied them.

---

[2] Apparently, Plaintiff's cell at RCF had a solid door and he was able to practice this ritual without incident, although he typically wore underwear.

Plaintiff also claims that while he was still incarcerated at RCF, Defendants Sutherland and Macauley told him that he would be laterally transferred out of RCF to another Level II facility before the move from RCF to RMI.  Plaintiff claims that they breached an "express contract" by not transferring him to another Level II facility.  Plaintiff contends that the two-level increase was done without proper signatures and without a stated reason.

Plaintiff claims that his religious property was seized in violation of his Due Process Rights.  He also claims that his due process rights were violated when he was improperly transferred from a Level II to facility to a Level IV facility.  In addition, Plaintiff contends that Defendants violated the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1 *et seq.,* by denying his request to order items that are fundamental to the practice of his religion, refusing his "Special Accommodation" requests and denying him access to group services under the "five person" rule.  Plaintiff further claims that Defendants violated his equal protection rights by providing books and religious materials for prisoners who practice other religions, while providing no resources whatsoever for prisoners who practice Wicca.  Plaintiff seeks injunctive relief as well as monetary damages.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d

810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Defendants Granholm, Caruso and Palmer**

Plaintiff fails to make specific factual allegations against Defendants Granholm and Caruso. A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, slip op. at 6 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d 567, slip op. at 6; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Accordingly, Plaintiff fails to state a claim against Defendants Granholm and Caruso.

Plaintiff makes only one reference to Defendant Palmer in the body of his complaint. He claims that he sent a letter to defendant Palmer complaining at the deprivation of his religious property. *See* Compl. ¶ 73. Warden Palmer responded to Plaintiff's letter by writing at the bottom,

"If your property has been misplaced or lost you need to write a grievance." *Id.* Plaintiff followed the Warden's advice by writing a grievance the following day. *Id.* at ¶ 74. Plaintiff does not allege how Warden Palmer's suggestion to file a grievance violated his constitutional rights. The fact that Plaintiff did not get the relief he sought in the grievance process does not give rise to a claim because there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, as discussed above, a plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Grinter*, 543 F.3d 567, slip op. at 6; *Greene*, 310 F.3d at 899; *Summer*, 368 F.3d at 888. Plaintiff, therefore, fails to state a claim against Defendant Palmer.

B. **Defendants Robinson, Kipp and Floyd**

Plaintiff's allegations against Defendants Robinson, Kipp and Floyd concern actions they took as part of the prison grievance process. Plaintiff claims that Defendants Robinson and Kipp improperly rejected his Step I grievances concerning religious issues as having multiple issues.[3] (*See* Grievance No. RMI-2007-12-1260-28C, docket #1-32, Exhibit DD.) Plaintiff further claims that Defendant Floyd called him out to review another Step I grievance that Plaintiff filed against Defendant Milu regarding the seizure of Plaintiff's property. Defendant Floyd asked

---

[3]Under the MDOC grievance policy, a grievance may be rejected on grounds that it is vague, illegible, contains multiple unrelated issues, raises issues that are duplicative of those raised in another grievance filed by the grievant or is filed in an untimely manner, unless there is a valid reason for the delay. MICH. DEP'T. OF CORR., Policy Directive 03.02.130, ¶ G(1), (4).

Plaintiff several questions about the seized property and sent Plaintiff back to his housing unit. Plaintiff contends that Defendant Floyd seemed more interested in protecting Defendant Milu than in addressing Plaintiff's grievance. After interviewing Plaintiff and Defendant Milu, Defendant Floyd concluded that there was no violation of policy and denied Plaintiff's Step I grievance. (*See* Step I Grievance Response RMI-2007-01-0051-19E, docket #1-32, Exhibit DD.)

As discussed above, prisoners do not have a protected due process right to an effective prison grievance procedure. *Walker,* 128 F. App'x at 445; *Young,* 30 F. App'x at 569-70; *Carpenter,* 2000 WL 190054, at *2. Plaintiff was able to use the grievance process, but simply disagreed with Defendants' reason for rejecting or denying his grievances, which states no claim of constitutional dimension. *See Grinter,* 543 F.3d 567, slip op. at 6 (the denial of prison grievances does is not a basis for liability under § 1983); *Lyle v. Stahl*, No. 97-2007, 1998 WL 476189, at *1 (6th Cir. Aug. 3, 1998) (prisoner's allegation that grievance was improperly rejected does not present a deprivation of any federal right, as there is no inherent constitutional right to an effective prison grievance procedure). Accordingly, Plaintiff fails to state a claim against Defendants Robinson, Kipp and Floyd.

          C.      **Defendants Macauley and Sutherland**

Plaintiff claims that Defendants Macauley and Sutherland told him that he would be laterally transferred from RCF to another Level II facility before the move from RCF to RMI. Plaintiff claims that they breached an "express contract" by failing to transfer him to another level II facility. He also asserts that he was improperly transferred to a higher security facility in violation of his due process rights. The Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security

classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976). A change in security classification to a higher level of security is not the type of atypical and significant deprivation in which an inmate might have a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 485-86 (1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Plaintiff, therefore, fails to state a due process claim arising from his transfer from a Level II facility to a Level IV facility.

Plaintiff also appears to assert a claim for breach of contract against Defendants Macauley and Sutherland. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Any state-law breach of contract claim arising from these allegations would be utterly frivolous. Defendants Macauley and Sutherland also will be dismissed from this action.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Granholm, Caruso, Palmer, Kipp, Macauley, Robinson, Sutherland and Floyd should be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Stewart, Milu and Stoley.

An Order consistent with this Opinion will be entered.


Dated: August 22, 2008                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE